IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| CARRIE MORRIS, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:14-CV-02932 |
| | § | |
| | § | |
| JPMORGAN CHASE & CO, BANC ONE CAPITAL HOLDINGS LLC, CHASE INVESTMENT SERVICES CORP., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, J.P. MORGAN SECURITIES LLC, MALCOLM JEANPIERRE AND JUAN J. GARCIA, | § § § § § § § § | |
| Defendants. | § | |

## BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION TO ABSTAIN AND TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**NOW COMES Plaintiff**, Carrie Morris, Movant herein, who, pursuant to Fed. R. Civ. P. 7 and L.R. 7.1 and 7.2, submits the following Brief in Support of Her Opposed Motion to Abstain and to Remand as follows:

### FACTS

Plaintiff filed her Original Petition in this matter on July 21, 2014 in the District Court for Dallas County, Texas, alleging causes of action for deceptive trade practices, conversion, unjust enrichment, negligent misrepresentation, defamation, negligent hiring, supervision, and/or management, breach of fiduciary duty, and respondeat superior against defendants JPMorgan Chase & Co, Banc One Capital Holdings LLC, Chase Investment Services Corp., JPMorgan Chase Bank, National Association, J.P. Morgan Securities LLC (hereinafter, collectively, the "Chase Defendants"), Malcolm Jeanpierre, and Juan J. Garcia.

1

None of the Chase Defendants are citizens of the State of Texas for jurisdictional purposes. Defendant Malcolm Jeanpierre was a citizen of the State of Texas in May, 2014, but may have relocated out of the State of Texas prior to this matter being filed. His current whereabouts are unknown. Defendant Juan J. Garcia is a citizen of the State of Texas, employed by one or more of the Chase Defendants in their Houston offices.

On August 15, 2014, the Chase Defendants removed this matter to this Court from the Dallas County District Court pursuant to 28 U.S.C. §§ 1441 (a) and (b) and L.R. 81.1 on diversity grounds, alleging that although Mr. Garcia is and was a citizen of the State of Texas at all material times, he was not properly joined and served prior to the removal. The Dallas County Civil Clerk's Officer's Return and its Register of Actions show that Mr. Garcia was served at his place of business on July 25, 2014, 21 days prior to the removal.

## ISSUE

WHEN IS DIVERSITY JURISDICTION DETERMINED?

## LAW AND ARGUMENT

### A. Diversity Jurisdiction Is Determined At The Time Suit Is Filed, Thus Depriving This Court of Jurisdiction In This Matter.

Federal diversity jurisdiction requires complete diversity among the parties. *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005). Removal pursuant to 28 U.S.C. § 1441 requires the Federal Court to have original jurisdiction over the matter sought to be removed. 28 U.S.C. § 1441(a). "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883-884 (5th Cir. 1998) and cases cited therein, including *Pullman Co. v. Jenkins*, 305 U.S. 534-540-41 (1939). Consequently, in order to retain jurisdiction, this Court had to have original jurisdiction over

Defendant Juan J. Garcia at the time suit was filed in the District Court for Dallas County.

Plaintiff was a Texas citizen at the time the state court action was filed. As conceded by the Chase Defendants, Mr. Garcia was also a Texas citizen at the time the state court action was filed. App., p. 2, ¶14. "A non-citizen defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883, *supra*.

The foregoing makes clear that removal of a state court action requires the Federal Court to which the action is removed to have original jurisdiction over the matter at the time of its filing in state court. The Chase Defendants' removal of the instant matter does not meet either the statutory or jurisprudential requirements necessary to sustain the removal because the parties were not completely diverse at the time the action was filed in state court. Accordingly, as complete diversity did not exist between the parties to this lawsuit at the time the action was filed, the removal was improper.

  **B. Although Irrelevant To A Jurisdictional Analysis, The Dallas County Civil Clerk's Records Constitute *Prima Facie* Evidence that Mr. Garcia Was Properly Served Prior To The Removal.**

The Chase Defendants contend that Mr. Garcia was improperly served prior to the removal. App., p. 2, ¶ 14; p. 3, ¶ 19. However, Exhibits A-1 and A-11 attached to their Notice of Removal at Appendix, pages 4-7, show Mr. Garcia was served prior to the removal, constituting *prima facie* evidence of proper service which cannot be rebutted without corroboration. *See, e.g., Primate Const., Inc. v. Silver* (Sup. 1994) 884 S.W. 2d 151, 152.

The Chase Defendants have offered no corroboration for their contention that Mr. Garcia was improperly served prior to the removal. However, for jurisdictional purposes, whether or

3

not Mr. Garcia was properly served or, for that matter, even if he was served at all prior to the removal is irrelevant. For the reasons stated above, diversity jurisdiction is predicated on the parties' residency at the time suit is filed, not on whether a non-diverse defendant is served prior to the removal. *New York Life Ins. Co. v. Deshotel,,* 142 F.3d 873, 883, *supra.*

### C. The Chase Defendants Have Offered No Reason To Substantiate Their Contention That Mr. Garcia Was Improperly Joined.

Plaintiff is currently unable to respond to the Chase Defendants' contention that Mr. Garcia's joinder was improper as no reason therefor has been given. App., p. 8, ¶19. Plaintiff reserves her right to respond to this contention should the Chase Defendants produce corroborating supporting facts.

### D. Plaintiff Is Entitled To Attorney's Fees Incurred As A Result Of The Removal.

In the event of a wrongful removal, 28 U.S.C. § 1447(c) provides for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." As evidenced by undersigned counsel's Declaration attached hereto at Appendix, pp. 9-10, Plaintiff incurred $500 attorney's fees as a result of having to file this motion and prays the Court exercise its discretion and order the Chase Defendants to reimburse same.

### CONCLUSION

Plaintiff is a citizen of Texas. Defendant Juan J. Garcia is a citizen of Texas. Federal diversity jurisdiction requires complete diversity among the parties. Complete diversity does not exist in this case.

Although Plaintiff is entitled to a presumption that Mr. Garcia was properly served prior to the removal, it is irrelevant to a jurisdictional analysis when or even if Mr. Garcia was served. The existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service. Consequently, the removal was improper, warranting a remand of this

matter to the Dallas County District Court.

    For the foregoing reasons, Plaintiff, Carrie Morris, prays this Court abstain from hearing this action and remand this matter to the Dallas County District Court, for reimbursement of attorney's fees in the amount of $500 incurred as a result of having to bring this motion, and for all general and equitable relief to which she is entitled.

                                Respectfully Submitted,

                                WILLIAM A. PIGG, PLLC

                                By: _____
William A. Pigg
Texas Bar No. 24057009
E-Mail: wapigg_law@yahoo.com
16415 Addison Road, Suite 810
ADDISON, TX 75001
Tel. (214) 389-0400
Fax. (214) 389-0406
Attorney for Plaintiff Carrie Morris

## CERTIFICATE OF SERVICE

I certify that on August 27, 2014 a true and correct copy of Plaintiff's Brief in Support of Opposed Motion to Abstain and to Remand was served by fax and by U.S. Mail to each person listed below.

_____
William A. Pigg

Retta A. Miller
Minoo Sobhani
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202-3797
TEL: (214) 953-6000
FAX: (214) 953-5822
Attorneys for Defendants
JPMorgan Chase & Co,
Banc One Capital Holdings LLC,
Chase Investment Services Corp.,
JPMorgan Chase Bank, National Association, and
J.P. Morgan Securities LLC

6