## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **CARRIE MORRIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2932-L** |
| | § | |
| **JPMORGAN CHASE & CO.; BANC** | § | |
| **ONE CAPITAL HOLDINGS, LLC;** | § | |
| **CHASE INVESTMENT SERVICES** | § | |
| **CORP.; JPMORGAN CHASE BANK,** | § | |
| **NATIONAL ASSOCIATION; J.P.** | § | |
| **MORGAN SECURITIES, LLC;** | § | |
| **MALCOLM JEANPIERRE; and JUAN** | § | |
| **J. GARCIA,** | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Opposed Motion to Abstain and to Remand, filed August 27, 2014. After careful consideration of the motion, response, reply, record, and applicable law, the court **denies** Plaintiff's Opposed Motion to Abstain and to Remand.

### I.    Procedural Background

Carrie Morris ("Plaintiff" or "Morris") filed this action in the 193rd Judicial District Court of Dallas County, Texas, on July 21, 2014. She asserts various state law claims against JPMorgan Chase & Co. ("JPMC"); Banc One Capital Holdings, LLC ("Banc One"); Chase Investment Services Corp. ("CISC"); JPMorgan Chase Bank, National Association ("Chase Bank"); J.P. Morgan Securities, LLC ("JPMS"); Malcolm JeanPierre ("JeanPierre"); and Juan J. Garcia ("Garcia") (collectively, "Defendants").

JPMC, Banc One, Chase Bank, and JPMS (the "Removing Defendants") removed the state action to federal court on August 15, 2014, contending that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff disagrees and contends that complete diversity does not exists between the parties because she and Garcia are both citizens of the state of Texas. Morris requests the court to remand for lack of diversity of citizenship between the parties. The Removing Defendants counter that Garcia was improperly joined to defeat diversity, that, because of the improper joinder, his citizenship should be disregarded, and that this action is properly before the court. The Removing Defendants oppose remand to state court. The issues to be determined by the court are whether complete diversity exists between the parties and whether Garcia was improperly joined.

From what the court can ascertain from the applicable law and record in this case, the four Removing Defendants, CISC and JeanPierre have different citizenships than those of Morris and Garcia; only Morris and Garcia share the same citizenship, as both are citizens of Texas.

## II.    Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35

F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.  Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant.  *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d

1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).   "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal of the action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal."  *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).  Such failure, however, is a procedural defect and may be cured by filing an amended notice.  *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residency' are not synonymous."  *Parker v. Overman*, 59 U.S. 137, 141 (1855).  "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient."  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted).  "Domicile requires residence in [a] state and an intent to remain in the state."  *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  The citizenship

of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

Any doubts as to the propriety of the removal are to be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

## III.     Improper Joinder Standard

A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). In *Smallwood*, the court "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past. Although there is no substantive difference between the two terms, 'improper joinder' is preferred." *Id.* at 571 n.1. Accordingly, the court uses the term "improper joinder" in this opinion. As the party wishing to invoke federal jurisdiction by alleging improper joinder, the Removing Defendants have the burden to establish that Garcia was joined by Morris to defeat federal

jurisdiction.  *Id*. at 575.  The court is to resolve "any doubt as to the propriety of removal" in favor

of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation and quotation marks

omitted).

As previously stated, unless Congress expressly provides otherwise, a defendant may

remove a state court civil action to a federal district court if the district court has original

jurisdiction over the action.  28 U.S.C. § 1441(a).  A federal court has original jurisdiction over

civil actions in which there is diversity of citizenship between the parties and the amount in

controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Otherwise

stated, the statute requires complete diversity of citizenship; that is, a district court cannot exercise

subject matter jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See*

*Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*,

7 U.S. (3 Cranch) 267 (1806)).  In considering citizenship, however, the court considers only the

citizenship of real and substantial parties to the litigation; it does not take into account nominal or

formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458,

460-61 (1980).  The citizenship of a party that is improperly joined must be disregarded in

determining whether diversity of citizenship exists.  *Johnson v. Heublein*, 227 F.3d 236, 240 (5th

Cir. 2000).

To establish improper joinder, the Removing Defendants must prove: "(1) actual fraud in

the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action

against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)

(citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).  Since the Removing

Defendants do not assert fraud on the part of Morris, the test for improper joinder is "whether the

defendant[s] ha[ve] demonstrated that there is no possibility of recovery by the plaintiff against an

in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 648).

In addressing this issue, the district court must determine whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned."  *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder."  *Great Plains Trust*, 313 F.3d at 312 (internal quotations and citations omitted).  "This possibility, however, must be reasonable, not merely theoretical."  *Id*.  If there is a reasonable possibility that a plaintiff can recover on any of his or her claims, there is no improper joinder, and the case must be remanded.  *Smallwood*, 385 F.3d at 575.  In making this determination regarding improper joinder, a court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a [reasonable] possibility that [the plaintiff] may do so."  *Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) (citations omitted).  To determine whether a party was improperly joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). On the other hand, if there is no reasonable possibility for predicting liability against the nondiverse defendant, improper joinder exists, and the action remains in federal court.

In deciding the question of improper joinder, the court may either (1) "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether

[it] states a claim under state law against the in-state defendant"; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74 (footnote omitted). "When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). A court may not look to postremoval filings or pleadings to determine the issue of improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d at 700 (citation omitted). Limiting the determination of questions regarding removal jurisdiction to the claims set forth in the state pleadings at the time of removal ensures finality and early resolution of the jurisdictional issue, both of which reduce expense and delay to the parties and court. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

## IV.    Discussion

### A.    Contentions of the Parties

Morris contends that this court lacks jurisdiction because diversity must exist at the time the state action is filed and at the time of removal, and because diversity is determined by the citizenship of the parties and not whether a party has been served. Both of these assertions, insofar as they go, are correct statements of the law. *See In re Allstate*, 8 F.3d at 221 (holding that a notice of removal "must allege diversity at the time of filing the suit in state court and at the time of removal"); and *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. Whenever federal jurisdiction in a removal case depends upon complete diversity,

the existence of diversity is determined from the fact of citizenship and not from the fact of service.") (citations omitted).

While Plaintiff correctly states the law, she does not fully engage the essence of the Removing Defendants' argument.  The crux of the Removing Defendants' argument is that Morris did not join Garcia in "good faith."  They contend that Garcia was improperly joined to defeat diversity because there is no reasonable basis for this court to predict that Morris might be able to recover against Garcia with respect to the state law claims asserted against him by her.  The essence of the improper joinder doctrine is that "federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F. 3d 571, 574 (5th Cir. 2006) (citation omitted).  Thus, the ultimate issue is whether Garcia was improperly joined to defeat diversity of citizenship, which if true would divest this court of jurisdiction.  If a reasonable basis exists to predict that Morris might be able to recover on any of the state law claims, Garcia was not improperly joined; and the action must be remanded to state court.  On the other hand, if no reasonable basis exists for the court to predict that Morris could recover on a state law claim against Garcia, he was improperly joined, the court has jurisdiction to hear the action, and the action remains in federal court.

### B.     Applicable Standard for Pleadings

In deciding whether a plaintiff has pleaded sufficient facts for the district court to predict that a reasonable basis exists that a plaintiff might recover from a nondiverse defendant, the court must decide whether the state or federal standard for pleadings applies.  The state standard for pleadings is more relaxed than the federal standard required to defeat a motion pursuant to Federal Rule of Civil Procedure 12(b)(6).  Morris urges the court to apply the Texas standard.  The

Removing Defendants do not discuss whether the federal or more liberal Texas state standard should apply to decide the issue of improper joinder.

In an unpublished opinion, the Fifth Circuit applied Texas's "fair notice" pleading standard rather than the federal standard to determine whether the allegations of the petition in a removed case were sufficient to allege a claim under state law. *De La Hoya v. Coldwell Banker Mexico, Inc.*, 125 F. App'x 533, 537-38 (5th Cir. 2005). Although *De La Hoya* is unpublished, its application of the Texas pleading standard is logical and sound. When a party files suit in a Texas court, the party expects to be governed by the rules of the game that apply to the civil pleading requirements of that state court system. The court does not believe that one pleading in state court should be so hapless to be put in the untenable position of having to anticipate removal to a federal court system that applies a more exacting pleading standard. Fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court or removed should govern. Moreover, in *Michels v. Safeco Insurance Company of Indiana*, the Fifth Circuit recently held that a district court correctly used the Texas "fair notice" pleading standard to determine whether the plaintiffs had sufficiently pleaded facts for the district court to predict that a reasonable basis existed that they might be able to recover against the nondiverse defendant. 544 F. App'x 535, 539 (5th Cir. 2013). For these reasons, the court applies the Texas "fair notice" standard to the allegations of Plaintiff's Original Petition ("Petition") and examines it in the context of Texas Rules of Civil Procedure 45(b), 47(a), and 91a.

A pleading in the district or county courts of Texas is to include a "statement in plain and concise language of the plaintiff's cause of action or the defendant's grounds of defense. That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." Tex. R. Civ. P. 45(b). Texas courts

are not to "give pleadings a too cabined reading." *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354 (Tex. 1995). Under Texas law, the pleading standard is one of "fair notice of the claim involved." Tex. R. Civ. P. 47(a). This standard "looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. Westbrook*, 146 S.W.3d 220, 232 (Tex. App.—Fort Worth 2004), *rev'd on other grounds*, 231 S.W.3d 389 (Tex. 2007). A state court petition is to be liberally construed and is adequately pleaded if one can reasonably infer a cause of action from what is stated in the petition, even if the pleading party fails to allege specifically one of the elements of a claim. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted).

On March 1, 2013, Rule 91a of the Texas Rules of Civil Procedure became effective. This new rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1. The motion must be decided "solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6. This new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6).

### C.    Analysis

In support of its argument that no reasonable basis exists to predict that Morris could recover against Garcia on the state law claims, the Removing Defendants contend that Plaintiff's Petition sets forth no actionable facts specific to Garcia, that the Petition only mentions Garcia three times, and that none of the statements regarding Garcia is sufficient to set forth any actionable

claim against him.   For these reasons, the Removing Defendants contend that Garcia was improperly joined to defeat this court's jurisdiction.

A review of the Petition shows that Garcia is mentioned seven times in the document.  He is first mentioned in the Petition's introductory paragraph, which sets forth the names of all parties to the litigation.  He is also mentioned in paragraphs 9, 33, 50, 62, 63, and 64.  Other than the introductory paragraph, Garcia is mentioned as follows:

> 9.     Defendant JUAN J. GARCIA, an Individual who is a resident of Texas, may be served with process at his place of employment at the following address: 712 Main Street, Houston, Texas 77002.
>
> . . .
>
> 33.    This court has jurisdiction over Defendant JUAN J. GARCIA because said Defendant is a resident of the State of Texas.
>
> . . .
>
> 50.    On or about January 29, 2014, Defendant JUAN J. GARCIA informed Plaintiff CARRIE MORRIS that Defendant JPMORGAN CHASE & co. would not provide a reason for closing her account number 713 142 446, referencing Section H of the Deposit Account Agreement referenced hereinabove, which states in relevant part, "Either you or we may close your account (other than a CD) at any time for any reason or no reason.", a copy of which was never given to Plaintiff CARRIE MORRIS.
>
> . . .
>
> 62.    Plaintiff would further show that Defendants JPMORGAN CHASE & CO., BANC ONE CAPITAL HOLDINGS LLC, CHASE INVESTMENT SERVICES CORP., and J.P. MORGAN SECURITIES LLC failed to use ordinary care in these respects, including but not limited to failing to properly investigate Defendants MALCOLM JEANPIERRE and JUAN J. GARCIA, failing to properly supervise Defendants MALCOLM JEANPIERRE and JUAN J. GARCIA, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for Defendants MALCOLM JEANPIERRE and JUAN J. GARCIA.  These conditions created an environment in which false communications about Plaintiff's husband, Gary R. Morris, were likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff herein, and for which Plaintiff hereby sues.

## BREACH OF FIDUCIARY DUTY

63.    Plaintiff would further show that at all material times there existed a fiduciary relationship between Plaintiff and Defendants JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and JUAN J. GARCIA.

64.    Plaintiff would further show that the actions and/or omissions of Defendants JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and JUAN J. GARCIA breached their fiduciary duties to Plaintiff, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

Pl.'s Orig. Pet. ¶¶ 9, 33, 50, & 62-64.

Plaintiff's Petition alleges or attempts to allege claims for deceptive trade practices; conversion; unjust enrichment; negligent misrepresentation; defamation; negligent hiring, supervision, or management; and breach of fiduciary responsibility against Defendants; and it also alleges liability based on theories of agency and respondeat superior. Pl.'s Orig. Pet. ¶¶ 54-68. A careful review of the Petition shows that the only claim asserted by Plaintiff against Garcia is that for breach of fiduciary duty. The Petition does not mention Garcia with respect to the other claims asserted by Plaintiff. At a minimum, a pleading must state some "specific actionable conduct" on the part of the in-state defendant. *Griggs*, 181 F.3d at 699. Accordingly, as to all claims, except that for breach of fiduciary duty, the court has no pause in concluding that there is no basis for it to conclude that Morris might be able to recover on the state law claims of deceptive trade practices; conversion; unjust enrichment; negligent misrepresentation; defamation; negligent hiring, supervision, or management against Garcia; and in concluding that there is no basis under a theory of agency or respondeat superior for which Garcia can be liable to Plaintiff.

The court now turns to Plaintiff's purported claim of breach of fiduciary duty. The elements of a breach of fiduciary duty claim in Texas are: "(1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff;

and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402-03 (5th Cir. 2013) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet denied). "It is well settled that 'not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship.'" *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (quoting *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176-177 (Tex. 1997)). When "the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law, exclusively within the province of the court." *National Med. Enters. v. Godbey*, 924 S.W.2d 123, 147 (Tex. 1996) (citation and internal quotation marks omitted).

"Texas law recognizes two types of fiduciary relationships. The first, a formal fiduciary relationship, 'arises as a matter of law and includes the relationships between attorney and client, principal and agent, partners, and joint venturers.'" *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007). The second is an informal fiduciary relationship that "may arise where one person trusts in and relies upon another, whether the relationship is a moral, social, domestic, or purely personal one." *Id.* (quoting *Jones*, 196 S.W.3d at 449) (internal quotation marks omitted). Not every relationship involving a high degree of trust and confidence, however, rises to the level of a fiduciary relationship. *Schlumberger Tech. Corp.*, 959 S.W.2d at 176-77. Moreover, "[i]n order to give full force to contracts, [Texas courts] do not create such a relationship lightly." *Id.* at 177.

"To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998). "While the nature of the duty owed by a broker will vary depending on the relationship between the broker

**Memorandum Opinion and Order – Page 14**

and the investor, where the investor controls a nondiscretionary account and retains the ability to make investment decisions, the scope of any duties owed by the broker will generally be confined to executing the investor's order." *Martinez Tapia v. Chase Manhattan Bank, N.A.*, 149 F.3d 404, 412 (5th Cir. 1998).

Plaintiff's allegations regarding a claim for breach of fiduciary duty against are sparse and wholly conclusory. When the allegations are examined in light of the elements that make up this claim, there are simply no underlying facts to support the conclusory allegations that any type of fiduciary relationship existed between Morris and Garcia. At a minimum, a claim or cause of action must set forth basic facts specific to the in-state defendant as a starting point on which to build. *See Griggs*, 181 F.3d at 699. Here, not even minimal allegations are set forth for a reasonable person to understand the factual bases that a formal or informal fiduciary relationship ever existed between Morris and Garcia. The extremely sparse allegations relating to Plaintiff's claim of breach of fiduciary duty do not put Garcia on notice to ascertain the nature and basic issues of the controversy and what testimony will be relevant at trial, and therefore they do not meet Texas's "notice pleading" standard. The scant allegations in paragraphs 63 and 64 do not allow one to reasonably infer that a claim has been stated for breach of fiduciary duty against Garcia. To hold otherwise expands the concept of notice pleading beyond what is reasonably contemplated under Texas law. Taking the allegations of Plaintiff's Petition as true, and any reasonable inference that can be drawn from them, the court cannot reasonably conclude that Plaintiff is entitled to any relief with respect to her purported claim of breach of fiduciary duty. Accordingly, the court cannot predict that a reasonable basis exists to conclude that Morris might recover against Garcia on her claim of breach of fiduciary duty, and the court concludes that Garcia was improperly joined to destroy diversity of citizenship between the parties.

**Memorandum Opinion and Order – Page 15**

As a final note, the court addresses an argument made by Morris.  In Plaintiff's reply, she chides the Removing Defendants for not filing a special exception to her pleadings pursuant to Texas Rules of Civil Procedure 90 and 91 in state court prior to removal so that she could amend and cure any deficiencies in her pleadings.  This argument misses the mark, and Morris's reliance on *Coastal Habitat Alliance v. Patterson*, 601 F. Supp. 2d 868 (W.D. Tex. 2008), is misplaced.

First, the court knows of no authority that requires a defendant to file special exceptions before removing a case to federal court, and Morris has cited no authority to support her position.  Second, in determining improper joinder, a court must consider the pleadings as they exist at the time of removal.  *Griggs*, 181 F.3d at 700; *Brown*, 901 F.2d at 1254.  Third, *Coastal Habitat Alliance* does not deal with special exceptions, is not an improper joinder or removal case, and simply does not stand for proposition stated by Morris.  601 F. Supp. 2d 868.  As such, it is inapplicable and totally useless to the court's resolution of the issues of removal and improper joinder.

## V.      Conclusion

For the reasons herein stated, Garcia was improperly joined to destroy diversity of citizenship between the parties.  Accordingly, the court **disregards** Garcia's citizenship, **holds** that complete diversity exists between the parties and that it has jurisdiction to entertain this action, and **denies** Plaintiff's Opposed Motion to Abstain and to Remand.  Further, in light of its ruling herein, the court **denies as moot** Plaintiff's request for attorney's fees and costs.

**It is so ordered** this 30th day of December, 2014.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge